## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00891

WILDEARTH GUARDIANS, a nonprofit corporation,

CENTER FOR BIOLOGICAL DIVERSITY, a nonprofit corporation,

     Petitioners,

v.

JASON SUCKOW, in his official capacity as the director of the U.S. Department of Agriculture's Animal and Plant Health Inspection Service-Wildlife Services Western Region,

ANIMAL AND PLANT HEALTH INSPECTION SERVICE- WILDLIFE SERVICES, a federal agency program, and

UNITED STATES DEPARTMENT OF AGRICULTURE, a federal department,

     Federal-Respondents.

---

## ANSWER

---

     Respondents Jason Suckow; the United States Department of Agriculture, Animal and Plant Health Inspection Service – Wildlife Services ("APHIS-WS"); and the United States Department of Agriculture ("USDA") (together, the "Federal Respondents"), by their undersigned counsel, respond to the allegations in Petitioners' Complaint [Dkt. 1] as follows:

## INTRODUCTION[1]

1.       Federal Respondents admit that Petitioners filed this civil action against Federal

Respondents under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, and the

National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*  The remainder of

Paragraph 1 consists of legal conclusions to which no response is required.  To the extent that a

response is required, Federal Respondents deny these allegations.

2.       Federal Respondents admit the allegations in the first sentence of Paragraph 2.

The phrases "various chemicals and poisons" and "other native carnivores" in the second

sentence are vague, and Federal Respondents deny the allegations related to them on that basis.

Federal Respondents aver that, in Colorado, Wildlife Services uses shooting, trapping, snares,

aerial predator management, and M-44 devices and gas cartridges to lethally remove some

carnivores, though not all devices are used on all carnivores or in all circumstances.  The word

"largely" in the third sentence is vague, and Federal Respondents deny the allegations in that

sentence on that basis.  The word "controversial" in the fourth sentence is a characterization of

Petitioners' case to which no response is required.  The remaining allegations in the fourth

sentence provide Petitioners' characterization of Appendix A of the Final Environmental

Assessment Predator Damage Management in Colorado ("EA"), which speaks for itself and is

the best evidence of its contents.

---

[1]       The headings here correspond to the headings in the Complaint.  Federal Respondents
include them strictly to provide convenient reference to the Complaint and do not intend them to
form any substantive part of the Federal Respondents' Answer.  To the extent the Complaint
headings make substantive allegations, Federal Respondents deny those allegations.

3.      Paragraph 3 provides Petitioners' characterization of its case to which no response is required.

## JURISDICTION AND VENUE

4.      Paragraph 4 provides Petitioners' legal conclusions to which no response is required.  Federal Respondents aver that the federal laws cited speak for themselves and are the best evidence of their contents.

5.      Paragraph 5 provides Petitioners' legal conclusions to which no response is required.  Federal Respondents aver that the federal laws cited speak for themselves and are the best evidence of their contents.

6.      Paragraph 6 provides Petitioners' characterization of their case and legal conclusions to which no response is required.  Federal Respondents aver that the federal laws cited speak for themselves and are the best evidence of their contents.

7.      Paragraph 7 provides Petitioners' legal conclusions to which no response is required.  Federal Respondents deny that Petitioners are entitled to the relief they seek or to any relief whatsoever.  Federal Respondents aver that the federal laws cited speak for themselves and are the best evidence of their contents.

## PARTIES

8.      Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny them.

9.      Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny them.

10.     Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second, and fourth through sixth sentences in Paragraph 10, and therefore deny them.  Federal Respondents admit the allegation in the third sentence that Wildlife Services is planning on conducting predator damage management in the Piceance Basin.  Federal Respondents aver that the Colorado Parks and Wildlife has requested Wildlife Services' assistance in lethally removing mountain lions and black bears as part of a three-year study *Addressing Neonate Mule Deer Survival in the Piceance Basin* (Appendix A of the EA).  Federal Respondents further aver that Wildlife Services began providing assistance with the study on May 1, 2017.  Federal Respondents deny the allegation in the third sentence that Wildlife Services is planning to conduct predator damage management in the Upper Arkansas River.  Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence and therefore deny them.

11.     Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny them.

12.     The first sentence of Paragraph 12 provides Petitioners' characterization of their case and legal conclusions to which no response is required.  Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore deny them.

13.     The first sentence of Paragraph 13 provides Petitioners' characterization of their case and legal conclusions to which no response is required.  Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 13, and therefore deny them.

14. Paragraph 14 provides Petitioners' characterization of their case and legal conclusions to which no response is required.

15. Federal Respondents deny the allegation in the first sentence of Paragraph 15 that they failed to comply with NEPA. The remaining allegations in the first sentence provide Petitioners' characterization of their case and legal conclusions to which no response in required. Federal Defendants deny the allegations in the second sentence that they failed to take a hard look at the impacts of predator damage management in Colorado and that they failed to consider and disclose the best available science. The remaining allegations in the second sentence provide Petitioners' characterization of their case and legal conclusions to which no response in required. Federal Respondents deny the allegation in the third sentence that they failed to comply with NEPA. The remaining allegations in the third sentence provide Petitioners' characterization of their case and legal conclusions to which no response in required. Federal Respondents deny the allegations in the fourth sentence.

16. Federal Respondents deny the allegations in the first sentence of Paragraph 16 that Wildlife Services "regularly" traps, injures, and kills native carnivores in Colorado (both intentionally and accidentally), but admits that it traps, injures, and kills native carnivores in Colorado (both intentionally and accidentally). The remaining allegations in the first sentence provide Petitioners' characterization of their case and legal conclusions to which no response is required. The phrase "accidently killed hundreds of non-target species" in the second sentence is vague because it lacks a specified time period, and Federal Respondents deny the allegations in

5

that sentence on that basis. Federal Respondents aver that Wildlife Services has targeted black

bears, bobcats, coyotes, and mountain lions and has accidently killed some non-target species

while conducting predator damage management in Colorado. The third sentence provides

Petitioners' characterization of their case and legal conclusions to which no response is required.

Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of

the allegations in the fourth through sixth sentences, and therefore deny them.

17.     The first through fourth sentences of Paragraph 17 provide Petitioners'

characterization of their case and legal conclusions to which no response is required. Federal

Respondents deny that they have failed to comply fully with NEPA.   Federal Respondents admit

the allegations in the fifth and sixth sentences. Federal Respondents lack knowledge or

information sufficient to form a belief as to the truth of the allegations in the seventh sentence,

and therefore deny them. The allegations in the eighth sentence provide Petitioners'

characterization of their case and legal conclusions to which no response is required. Federal

Respondents deny that Petitioners are entitled to the relief they seek or to any relief whatsoever.

18.     Federal Respondents admit the allegations in Paragraph 18.

19.     Federal Respondents admit the allegations in Paragraph 19.

20.     Federal Respondents admit the allegations in Paragraph 20.

## FACTS

21.     Federal Respondents admit the allegations in the first sentence of Paragraph 21,

except that the phrase "agricultural lands" is vague and Federal Respondents deny that allegation

on that basis.   Federal Respondents aver that Wildlife Services conducts predator damage

management activities to protect agriculture.  Federal Respondents deny the allegations in the

second sentence.  To the extent the second sentence refers to Federal Respondents' participation,

at the request of the Colorado Parks and Wildlife, in the study, *Addressing Neonate Mule Deer

Survival in the Piceance Basin* (Appendix A of the EA), the document speaks for itself and is the

best evidence of its contents.

22.     Federal Respondents admit the allegations in Paragraph 22.  Federal

Respondents aver that Wildlife Services only engages in predator damage management activities

in Colorado upon request.

23.     Federal Respondents admit the allegations in Paragraph 23 except that they

deny that chemical repellants and spotlights are frightening devices.  Federal Respondents aver

that Wildlife Services did not use chemical repellants for Predator Damage Management in

Colorado during Fiscal Years (FY) 2010 through the present.

24.     Federal Respondents admit the allegations in the first sentence of Paragraph 24,

except that they deny that all of the methods listed are "lethal" predator damage management

methods, and Federal Respondents' deny Petitioners' characterization of "Conibears" as "body-

crushing" traps.  Federal Respondents further aver that the use of some of the methods listed may

be restricted under Colorado laws and regulations.  The word "various" in the second sentence is

vague, and Federal Respondents deny the allegations in that sentence on that basis.  Federal

Respondents aver that Wildlife Services may use EPA-registered pesticides, including gas

cartridges that emit carbon monoxide and sodium cyanide in M-44 devices, for predator damage

management in Colorado.

25.     Federal Respondents admit the allegations in Paragraph 25.

26.     Federal Respondents admit the allegations in Paragraph 26.

27.     Federal Respondents admit the allegations in the first, second and fourth

sentences of Paragraph 27.  The word "near" in the third sentence is vague, and Federal

Respondents deny the allegations in that sentence on that basis.  Federal Respondents admit the

allegations in the fifth sentence with respect to gray wolf, but deny the allegations with respect to

wolverine.

28.     Federal Respondents admit the allegations in Paragraph 28.

29.     Federal Respondents admit the allegations in the first sentence of Paragraph 29.

Federal Respondents aver that, in Colorado, Wildlife Services has killed an annual average of 3

non-target animals and freed an annual average of 4 non-target animals between FY2010-2014.

Federal Respondents admit the allegations in the second sentence.  Federal Respondents aver

that, in Colorado, Wildlife Services has no record of accidentally killing or capturing a

threatened or endangered species listed under the ESA since before FY2011.  Federal

Respondents admit the allegations in the third sentence.  Federal Respondents aver that Wildlife

Services has not accidentally captured or killed a grizzly bear in Colorado, if ever, since at least

well before the last confirmed sighting of a grizzly bear in the state in 1979; none are known to

have ever been accidentally taken by Wildlife Services in Colorado.  Federal Respondents admit

the allegations in the fourth sentence.  Federal Respondents aver that, in Colorado, Wildlife

Services has never accidentally captured or killed a Canada lynx.   Federal Respondents admit

the allegations in the fifth sentence.  Federal Respondents aver that gray wolves were extirpated

from Colorado by the mid-1930s, but occasional migrants may enter Colorado from reintroduced

populations in neighboring states.  Federal Respondents further aver that Wildlife Services has

not accidentally captured or killed a gray wolf in Colorado since the 1930s.  Federal Respondents

admit the allegations in the sixth sentence.  Federal Respondents aver that, in Colorado, Wildlife

Services has no record of ever accidentally killing or capturing a wolverine.  Federal

Respondents admit the allegations in the seventh sentence.  Federal Respondents aver that, in

Colorado, Wildlife Services has not accidentally taken a bald eagle or golden eagle in over five

years.  Federal Respondents admit the allegations in the eighth sentence.  Federal Respondents

aver that, in Colorado, Wildlife Services has accidentally captured only one domestic dog since

FY2010, and it was released.

      30.      Federal Respondents admit the allegations in the first sentence of Paragraph 30

except they deny that the EA was "prepared" in 1999.  Federal Respondents aver that the EA was

completed in 1999.  Federal Respondents admit the allegations in the second sentence except

they deny that the EA was "prepared" in 1997.  Federal Respondents aver that the EA was

completed in 1997.  Federal Respondents admit the allegations in the third sentence.  The fourth

sentence provides Petitioners' characterizations of the 1999 eastern Colorado EA, 1997 western

Colorado EA, and 2001 supplement to the western Colorado EA, which speak for themselves

and are the best evidence of their contents.  Federal Respondents admit the allegations in the fifth

sentence.  The sixth sentence provides Petitioners' characterization of the 2005 Colorado EA,

which speaks for itself and is the best evidence of its contents.  Federal Respondents deny the

allegations in the seventh sentence.  Federal Respondents aver that the January 2017 Colorado

EA replaces the 2005 statewide EA.[2]

      31.      Federal Respondents admit the allegations in the first sentence of Paragraph 31. The second and third sentences provide Petitioners' characterizations of the 2017 Colorado EA, which speaks for itself and is the best evidence of its contents.

      32.      The first sentence of Paragraph 32 provides Plaintiffs' characterization of the 2017 Colorado EA, which speaks for itself and is the best evidence of its contents. The second sentence provides Petitioners' characterization of their case and legal conclusions to which no response is required. The word "experimental" in the third and fourth sentences is vague, and Federal Respondents deny the allegations in those sentences on that basis. The fifth sentence provides Petitioners' characterization of their case and legal conclusions to which no response is required. Federal Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence, and therefore deny them. Federal Respondents aver that Colorado Parks and Wildlife publishes mule deer population estimates on their website at http://cpw.state.co.us/thingstodo/Pages/Statistics-Deer.aspx and that this website speaks for itself and is the best evidence of its contents. The seventh sentence provides Petitioners' characterization of their case and legal conclusions to which no response is required.

---

[2]      The version of the final EA that was posted on Regulations.gov incorrectly listed the date on the title page as "January 2016." This date was later corrected to "January 2017" and the version with the correct date is posted on Wildlife Services' website. Except for the correction of the date on the title page, the two versions of the final EA are identical in all other respects. For the remainder of this Answer, Federal Respondents will assume that all references in the Complaint to the "2016 EA" refer to the corrected "January 2017" version of the final EA.

33.     Paragraph 33 provides Petitioners' characterization of the 2017 Colorado EA, which speaks for itself and is the best evidence of its contents.

34.     Paragraph 34 provides Petitioners' characterization of the 2017 Colorado EA, which speaks for itself and is the best evidence of its contents.

35.     Paragraph 35 provides Petitioners' characterization of their case and legal conclusions to which no response is required

36.     Federal Respondents admit the allegation in Paragraph 36 that following release of the 2017 EA, Wildlife services issued a final decision and finding of no significant impact ("Decision/FONSI").  Federal Respondents deny that the Decision/FONSI on the 2017 Colorado EA was issued on January 17, 2017.  Federal Respondents aver that Jason Suckow, the Director for the Western Region of Wildlife Services, issued the Decision/FONSI on the 2017 Colorado EA on January 19, 2017.  The remaining allegations provide Petitioners' characterization of the January 19, 2017 Decision/FONSI, which speaks for itself and is the best evidence of its contents.

## FIRST CAUSE OF ACTION

37.     Federal Respondents incorporate their responses to the preceding paragraphs.

38.     The allegations in the first sentence of Paragraph 38 provide Petitioners' characterizations of 42 U.S.C. § 4322(C) and 40 C.F.R. § 1502.4, which speak for themselves and provide the best evidence of their contents.  The allegations in the second sentence contain argument and legal conclusions to which no response is required.  To the extent a response is required, the Federal Respondents deny the allegations.

11

39.      Paragraph 39 provides Petitioners' characterizations of 40 C.F.R. § 1508.27, which speaks for itself and is the best evidence of its contents.

40.      Paragraph 40 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations and deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

41.      The allegations in the first sentence of Paragraph 41 provide Petitioners' characterization of the January 19, 2017 Decision/FONSI, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence contain argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations and deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

42.      Paragraph 42 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations and deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

## SECOND CAUSE OF ACTION

43.      Federal Respondents incorporate their responses to the preceding paragraphs.

44.      The first sentence of Paragraph 44 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations.  The second through fourth sentences provide Petitioners' characterizations of 40 C.F.R §§ 1508.7-1508.8, which speak for themselves and are the best evidence of their contents.

45.     Paragraph 45 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations and deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

46.     Paragraph 46 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations and deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

## THIRD CLAIM FOR RELIEF

47.     Federal Respondents incorporate their responses to the preceding paragraphs.

48.     The allegations in the first sentence of Paragraph 48 provide Petitioners' characterization of 40 C.F.R. § 1502.24, which speaks for itself and is the best evidence of its contents.  The allegations in the second and third sentences provide Petitioners' characterizations of 40 C.F.R. § 1500.1(b), which speaks for itself and is the best evidence of its contents.  The allegations in the fourth sentence contain argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations. The allegations in the fifth sentence provide Petitioners' characterization of 40 C.F.R. § 1502.9(b), which speaks for itself and is the best evidence of its contents.

49.     Paragraph 49 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations and deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

50.     Paragraph 50 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, Federal Respondents deny the allegations and

deny that Petitioners are entitled to the requested relief or to any relief whatsoever.

## REQUEST FOR RELIEF

Petitioners' "WHEREFORE" clause and subsequent paragraphs (A-E) set forth

Petitioners' Request for Relief and do not require a response. To the extent that a response is

required, Federal Respondents deny that Petitioners are entitled to the requested relief or to any

relief whatsoever.

## FIRST DEFENSE

The Complaint should be dismissed to the extent that the Petitioners have failed to

establish standing with respect to any challenged action, claim, or request for relief.

## SECOND DEFENSE

The Complaint should be dismissed to the extent that the case is moot when the

challenged actions are no longer in effect.

## THIRD DEFENSE

The agency actions at issue were not arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with the law, nor were any agency actions unlawfully withheld or

unreasonably delayed.

## FOURTH DEFENSE

Petitioners have waived any objections to the agency's actions to the extent that

Petitioners did not first directly raise those objections to the agency and/or exhaust its available

administrative remedies.

14

**FIFTH DEFENSE**

The Complaint should be dismissed because, to the extent that Petitioners challenge Wildlife Services' participation in Colorado Parks and Wildlife's three-year study *Addressing Neonate Mule Deer Survival in the Piceance Basin* (Appendix A of the EA), Wildlife Services' participation in CPW's study does not constitute "major federal action" requiring Federal Respondents to prepare a NEPA analysis.

**SIXTH DEFENSE**

Federal Respondents reserve the right to raise any affirmative defense – including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) – that may be supported by the administrative record in this action.

**GENERAL DENIAL**

To the extent not specifically admitted, Federal Respondents deny the allegations in Petitioners' Complaint.

DATED: JUNE 13, 2017                        Respectfully submitted,

                                            ROBERT C. TROYER
                                            Acting United States Attorney

                                            s/ Sarah Hunter Weiss
                                            **_Sarah Hunter Weiss_**
                                            Assistant United States Attorney
                                            U.S. Attorney's Office for the District of
                                            Colorado
                                            1801 California Street, Suite 1600
                                            Denver, CO 80202
                                            Telephone:  303.454.0100
                                            Fax:        303.454.0404
                                            Email:      sarah.weiss@usdoj.gov

                                            Counsel for Federal Respondents

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 13, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following email addresses:

bishop@westernlaw.org

mellgren@westernlaw.org

swilcox@wildearthguardians.org

<em>s/ Sarah Hunter Weiss</em>